# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv230

| | |
|---|---|
| **BRIAN JOEL JENNINGS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| **CAROLYN W. COLVIN,** ) | **RECOMMENDATION** |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability insurance benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 11 & # 14]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 14], **DENY** Plaintiff's Motion for Summary Judgment [# 11], and **AFFIRM** the Commissioner's decision.

## I. Procedural History

Plaintiff filed an application for disability insurance benefits and an application for supplemental security income on March 6, 2008

(Transcript of Administrative Record ("T.") 177-83.) Plaintiff alleged an onset date of August 1, 2005. (T. 177, 180.) The Social Security Administration denied Plaintiff's claim. (T. 56-9.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 82-85.) A disability hearing was subsequently scheduled. (T. 93.) Plaintiff, however, failed to appear at the hearing, and the Administrative Law Judge ("ALJ") dismissed Plaintiff's request for a hearing. (T. 60-4.) On appeal, the Appeals Council vacated the ALJ's Order of Dismissal and remanded the case for further proceedings. (T. 67-8.)

After remand, a second hearing was held on June 13, 2012. (T. 37-55.) The ALJ then issued a decision finding that Plaintiff was not disabled through the date of the decision. (T. 19-32.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council. (T. 1-7.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro

v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his June 27, 2012, decision the ALJ found that Plaintiff was not disabled under the Social Security Act. (T. 31.) The ALJ made the following specific findings:

(1) The claimant met the disability insured status requirements of the Act on August 1, 2005, the alleged date of disability onset, but continues to meet them only through December 31, 2010.

(2) The claimant has not engaged in substantial gainful activity since the alleged date of disability onset.

(3) The medical evidence establishes that the claimant has "severe" lumbar degeneration, diabetes, depressive disorder and anxiety, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4. Additionally, for the reasons discussed in the body of this decision, the claimant has not met his burden of establishing that he has any other "severe" impairments.

(4) The claimant has "mild" limitations in activities of daily living, and "moderate" limitations in social functioning and concentration, persistence, or pace. He has not experienced any episodes of decompensation.

(5) Although the claimant has chronic mental illnesses, his impairments are not of the level of severity required to satisfy the C criteria of Listings 12.04 or 12.06.

(6) For the reasons discussed in the body of this decision, the testimony regarding the severity of the claimant's impairments and resulting functional limitations was not persuasive.

(7) The claimant retains the residual functional capacity to perform unskilled "light" work subject to the additional limitations discussed in the body of this decision.

(8) The claimant is unable to perform his past relevant work.

(9) The claimant is a "younger individual" and he has a "limited" education.

(10) Based on an exertional capacity for "light" work, and the claimant's age, education, and work experience, section 404.1569 and Rule 202.18, Table No. 2, Appendix 2, Subpart P,

>> Regulations No. 4 would direct a conclusion of not disabled.

(11) Although the claimant is unable to perform the full range of "light" work, he is capable of making the adjustment to work which exists in significant numbers in the national economy. Such work included employment as a marker/labeler, a hand sander, and a hospital products assembler. A finding of not "disabled" is therefore reached within the framework of the above cited Rule.

(12) The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision 20 CFR 404.1520(f).

(T. 30-31.)

**IV.    Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's

decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

### V. Analysis[1]

#### A. The ALJ's Credibility Determination is Supported by Substantial Evidence

Plaintiff contends that the ALJ failed to properly consider the Plaintiff's statements regarding his pain and symptoms.[2] As an initial matter, the Court recognizes that it is not the role of this Court to determine whether Plaintiff's testimony was fully credible. Craig, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. Id.

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

[2] Although Plaintiff's legal argument related to this alleged error by the ALJ spans nearly ten pages, Plaintiff fails to cite a single case in support of his position that the ALJ erred in his credibility determination. Arguments such as these, unsupported by proper legal authority, are not viewed favorably by this Court. In fact, this Court has routinely stricken briefs such as these from the record. Going forward, any brief filed by counsel should contain citations to the pertinent legal authority or risk the Court striking future pleadings or simply disregarding any assignment of error not properly supported by legal authority.

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. Id. at 594; Hines, 453 F.3d at 565. First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. §404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565. If the ALJ finds that a claimant suffers such an impairment and that the impairment could reasonably be expected to produce the symptoms of pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact his or her ability to work. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604. This evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others

regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595.

Here, the ALJ applied this two-step process in assessing Plaintiff's statements regarding his symptoms. (T. 25-7.) The ALJ first determined that Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms Plaintiff alleged. (T. 25.) The ALJ then found that Plaintiff's "testimony as to the specific intensity, persistence, and limiting effects of his pain and other subjective symptoms is not persuasive in view of the inconsistencies in the record." (T. 25.)

The ALJ also provided detailed and specific reasons for why he found Plaintiff's testimony not fully credible. (T. 25-7.) For example, the ALJ found that the medical records before him did not support the level of pain and subjective symptoms that Plaintiff alleged. (T. 25.) Although Plaintiff testified that his leg and back pain were so severe that it forced Plaintiff to spend all but two or three hours a day in bed (T. 41-2), Dr. Rusty Washburn regularly noted that Plaintiff was healthy appearing and in no distress (see e.g. T. 375, 377, 379, 502). Dr. Washburn's treatment notes are also devoid of notes that Plaintiff reported, or that Dr. Washburn observed, significant back pain and functional limitations of the severity alleged by Plaintiff. Rather, the treatment notes reflect that Plaintiff's

chief complaints to Dr. Washburn were unrelated to his back pain. (See e.g. T. 456, 375, 377, 492.) As the United States Court of Appeals for the Second Circuit has explained, "[t]he Secretary is entitled to rely not only on what the record says, but also on what it does not say." Dumas v. Schweiker, 712 F.2d 1545, 1553 (2nd Cir. 1983); see also Lane v. Comm'r of Soc. Sec., 100 Fed. App'x 90, 95-96 (1st Cir. 2004) (unpublished).

Moreover, the medical records reflect that Plaintiff had normal gait and station, and normal strength and stability. (See e.g. 522, 381, 509.) In 2008, Plaintiff acknowledged that he could lift heavy weights without extra pain and that his social life was normal notwithstanding the pain. (T. 309.) Finally, as the ALJ properly acknowledged, despite Plaintiff's statements as to the severity of his pain, Plaintiff did not seek more aggressive treatment to manage his pain. (T. 25.) And "an unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility." Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) (Luttig, J, concerning).[3]

---

3   The ALJ's statements regarding the lack of treatment records prior to September 2006 (T. 25) do not dictate a different result. Although such records do exists, they are not in the record before the Court and were not in the record before the ALJ. The only references to the earlier records are contained in the reports of the state agency doctors, Camille Warren, M.D. and Lori Southern Ph.D., which the ALJ largely adopted. Any error by the ALJ in misstating the existence of such earlier documents was harmless as remand would not lead to a different result. See Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir.1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand

Similarly, the medical records do not reflect the level of mental impairment alleged by Plaintiff. Rather, the record reflects that Plaintiff's symptoms can be controlled with medications. (See e.g. T. 344, 367, 530, 526-7.) Finally, Plaintiff's medical records do not demonstrate the significant functional limitations stemming from paranoia that Plaintiff alleges.

Although Plaintiff may disagree with the result that the ALJ reached based on the application of this two-step process, the record is clear that the ALJ applied the correct legal standard in assessing Plaintiff's credibility, and it is not the role of this Court to re-weigh the evidence and determine whether Plaintiff's testimony is credible. See Craig, 76 F.3d at 589. The Court finds that the ALJ's determination that Plaintiff's testimony was not fully credible was the result of the application of the proper legal standard and is supported by substantial evidence in the record.

### B. The ALJ did not Err in Weighing the Opinion Evidence

In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the

---

might lead to a different result."); Morris v. Bowen, 864 F.2d 333, 335 (5th Cir.1988); see also Morgan v. Barnhart, 142 F. App'x 716, 723 (4th Cir.2005) (unpublished) (applying harmless error doctrine in context of Social Security case); Dover v. Astrue, No. 1:11cv120, 2012 WL1416410, at *5 (W.D.N.C. Mar. 19, 2012) (Howell, Mag. J.) (unpublished); Clore v. Colvin, No. 2:13-CV-00023-FDW, 2014 WL 294640, at *4 (W.D.N.C. Jan. 27 2014) (Whitney, C.J.) (unpublished); Darby v. Colvin, No. 1:12-CV-00295-MR-FDW, 2013 WL 4509662, at *5 (W.D.N.C. Aug. 23, 2013) (Whitney, C.J.) (unpublished).

physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir. 2005); see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(d)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." Id.

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating

source opinions. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

In contrast to the opinion of a treating source, the opinion of a consultative examiner is not entitled to controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). A consultative examiner is a non-treating medical source. See 20 C.F.R. § 404.1502. As the pertinent regulation explains:

> Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you. The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.

20 C.F.R. § 404.1502. Of course, the ALJ may still give "great weight" to the opinion of a non-treating source and, under the right circumstances, may even find that it is entitled to greater weight than that of a treating source. See SSR 96-2P.

Plaintiff contends that the ALJ erred in the weight he assigned to the opinion of Dr. Washburn and Dr. Carraway. Dr. Washburn provided a one page checklist on January 18, 2010, in which he opined that Plaintiff could work zero hours per day as a result of Plaintiff's medical conditions. (T. 486.) The ALJ determined

that Dr. Washburn's opinion was entitled to very little weight. (T. 28.) Specifically, the ALJ found that the opinion was unsupported by his own treatment records and the other medical records before the ALJ and were based on Plaintiff's subjective complaints, which the ALJ found to be uncreditable. (T. 27-8.)

The decision of the ALJ to assign very limited weight to opinion of Dr. Washburn is supported by substantial evidence in the record and was not the result of legal error. As a threshold matter, any determination that Plaintiff is disabled or unable to work is an administrative finding reserved for the Commissioner and subject to no weight. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996). Moreover, the opinions consists of little more than Dr. Washburn making checkmarks on a form with little to no explanation supporting the opinions. As other courts have explained, a checklist opinion containing no explanation behind the opinion is entitled to very little weight. Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1194-95 (9th Cir. 2004); Carroll v. Colvin, Civil No. 1:13CV213-RJC-DSC, 2014 WL 3729803 (W.D.N.C. Jun. 3, 2014) (Cayer, Mag. J.) (unpublished) (collecting cases). Finally, as the ALJ properly concluded, Dr. Washburn's treatment records and the medical records as a whole fail to support the functional limitations found by Dr. Washburn in his medical opinion. Dr. Washburn's treatment notes do not support

his opinion as to the severity of Plaintiff's back pain or the significant functional limitations arising from Plaintiff's back pain. Thus, the ALJ was entitled to assign the opinion less weight. See Mastro, 270 F.3d at 178.

Dr. Carraway conducted a psychological examination of Plaintiff on January 15, 2009. (T. 419.) Dr. Carraway assigned Plaintiff a global assessment of functioning score of 62 and found that Plaintiff:

> had mild to moderate impairment of short-term memory and mild impairment of immediate memory and minimal impairment of attention and concentration. His ability to understand, retain and perform instructions is minimally to mildly impaired for simplistic instructions and perhaps mildly to moderately impaired for complicated instructions. His ability to perform simple repetitive tasks and to persist at those tasks primarily would be limited by his objective physical findings and somatic complaints. His stress tolerance appears to be somewhat mildly to moderately impaired. He appears to have rather moderate social and interpersonal difficulty present.

(T. 422-4.) The ALJ found that Dr. Carraway's opinion was consistent with the medical records, was not contradicted by other medical opinions, and was not contradicted by any testimony that the ALJ found to be credible. (T. 27.) Accordingly, the ALJ determined that the opinion was entitled to significant weight. (T. 27.) As the ALJ properly concluded, the opinion of Dr. Carraway is supported by the medical evidence in the record. Upon a review of the record, the Court finds that the ALJ did not mischaracterize Dr. Carraway's opinion, and the

ALJ's decision is supported by substantial evidence in the record. In contrast to Plaintiff's argument to the contrary, the opinion of Dr. Carraway is not inconsistent with the treatment records.

### C. The ALJ's RFC Determination is Supported by Substantial Evidence

Residual functional capacity is an administrative assessment made by the Commissioner as to what a claimant can still do despite his or her physical or mental limitations. SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.946(c). In assessing a claimant's residual functional capacity, the ALJ will consider all of the claimant's medically determinable impairments, including those that are not severe. 20 C.F.R. § 404.1545(a)(2). The residual capacity assessment is based on the all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1545(a)(3). In determining a claimant's residual functional capacity, the ALJ must identify the claimant's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8p. The ALJ's assessment must include a narrative discussion detailing how the evidence in the record supports his or her conclusion. SSR 96-9p.

Here, the ALJ found that Plaintiff retained the residual functional capacity

"to perform unskilled, "light" work working with things rather than people, requiring no public contact, and requiring only frequent climbing, balancing, kneeling or crawling, and only occasional stooping or crouching." (T. 28.) Plaintiff contends that the RFC was arbitrary and not based on the medical opinion evidence. Plaintiff's contention is without merit.

In making his RFC determination, the ALJ largely adopted the findings and physical limitations set forth by the medical consultant, Dr. Frank Virgili, including his finding that Plaintiff could stand, walk, or sit for six hours in an eight hour workday. (T. 28, 425-32.) The ALJ, however, gave little weight to Dr. Virgili's conclusion that Plaintiff could occasionally lift and carry fifty pounds and, thus, could perform medium work. (T. 28.) Instead, the ALJ found that Plaintiff was limited to light work, but retained the postural limitations set forth by Dr. Virgili. (T. 28, 427.)

As to the mental limitations, the ALJ relied on the opinion of Dr. Carraway, Cal VanderPlate, Ph.D., ABPP, and the additional medical evidence in the record. (T. 28.) Dr. VanderPlate determined that Plaintiff was capable of performing simple tasks but had moderate limitations regarding carrying out detailed instructions and working with others. (T. 433-35.) Similarly, Dr. Carraway found that Plaintiff's ability to carry out simple instructions was only minimally to mildly

impaired and his ability to perform simple, repetitive tasks was only limited by any physical limitations and somatic complaints. (T. 422-23.) The ALJ adopted these findings, but gave Plaintiff the benefit of the doubt and created a more restrictive RFC that limited him to work with no public interaction and working with things rather than people. (T. 28.)

The Court finds that the ALJ's RFC is supported by substantial evidence in the record, especially in light of this Court's prior determinations that the ALJ's credibility determination and the weight he assigned to the medical opinion evidence is supported by substantial evidence in the record. The RFC is not arbitrary and was based on the medical opinion evidence in the record, as well as the treatment records. The ALJ did not err in his RFC determination and remand is not required in this case.

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Judgment on the Pleadings [# 14], **DENY** the Plaintiff's Motion for Summary Judgment [# 11], and **AFFIRM** the Commissioner's decision.

Signed: August 8, 2014

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).